**Edwilson Fernandes DE OLIVEIRA, Petitioner,**

v.

**Alberto GONZALES, Attorney**

General,* Respondent.

Docket No. 04–0759–AG.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2005.

Stephen A. Lagana, Lagana & Associates, Lawrence, Mass. (on submission), for Petitioner.

Mary Catherine Frye, Assistant United States Attorney (Virginia A. Gibson, Assistant United States Attorney, on the brief), for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, Pa. (on submission), for Respondent.

Present: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Edwilson Fernandes De Oliveira ("De Oliveira"), a native of Brazil, petitions for review of a January 16, 2004 order of the Board of Immigration Appeals ("BIA" or "Board") affirming an immigration judge's denial of his motion to reopen his removal proceedings. De Oliveira was ordered removed on November 10, 1998, after he failed to attend his removal hearing. He seeks to reopen the removal proceedings on the ground that he did not receive proper notice of the hearing date. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the peti-

---

* United States Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as respondent. *See* Fed. R.App. P. 43(c)(2).

tion for review, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). We will find that the Board has abused its discretion "in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

■ De Oliveira argues that he did not receive notice of his hearing because the immigration officials who served his Notice to Appear did not ask him to provide an address, and did not give him oral notice in his native language either of the need to provide an address or of the consequences of his failing to do so. But the Immigration and Nationality Act requires only that an alien receive *written* notice of the address requirement and the consequences of non-compliance. 8 U.S.C. § 1229(a)(1)(F). Because the record shows unequivocally that De Oliveira received the required written notice, we cannot say that the BIA abused its discretion in finding baseless his contention that he did not receive "effective notice" of his hearing.

■ De Oliveira also argues, relying on *In re M–S–*, 22 I. & N. Dec. 349, 1998 WL 769392 (BIA 1998), that he should be permitted to reopen his proceedings, not to rescind the removal order against him, but to file for an adjustment to permanent resident alien status. But were we to construe De Oliveira's filing as a motion to reopen solely to adjust his status, that motion would be barred as untimely under 8 C.F.R. § 1003.2(c)(2) (providing that a motion to reopen proceedings must be

filed no later than 90 days after the final administrative decision). Given this fact, we cannot say the BIA abused its discretion.

We have considered all of De Oliveira's other claims and find them to be without merit. The petition for review and motion for stay of removal are therefore DENIED.